UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **CODY W. PHELPS,** | |
| **Plaintiff,** | |
| v. | No. 3:23 CV 920 |
| **RON NEAL,** *et al.*, | |
| **Defendants.** | |

## OPINION and ORDER

Cody W. Phelps, a prisoner without a lawyer, filed a complaint and a motion to proceed in forma pauperis. Because that motion appeared to be fraudulent, falsified, and/or deceptive, he was ordered to show cause why he should not be sanctioned up to and including dismissal of this case. (*See* DE # 3.) Phelps has filed a response (DE # 4), so the matter is ripe for adjudication.

As set forth in the court's prior order, many irregularities plagued Phelps's request to proceed in forma pauperis:

> The court has examined the original copy of the motion to proceed in forma pauperis. The first page appears to be a photocopy of a previous motion Phelps filed in one of his other cases, but it has been altered to make it appear as if the official certificate of prisoner account was authorized for this case. *Compare* DE # 2 at 1, *with Rutledge, et al., v. Lott et al.*, no. 3:22-CV-989-DRL-MGG, DE # 15 at 1. Specifically, in the current motion, Phelps handwrote the name "L. Smith" in the caption, the date "9/7/2023" following his signature and prisoner number, and the date "9/11/23" following the signature of the authorized officer. Other than those alterations, which are handwritten in pen, the document is

photocopied and identical to the previously filed motion.[1] Of note, in the official certificate of prisoner account box, the authorizing officer is listed as being located at "ISP" (Indiana State Prison), but Phelps is currently incarcerated at the Wabash Valley Correctional Facility and sent the complaint and motion from there. *See* DE # 1-2 at 1.

Additionally, on the second page of the motion, Phelps provides a handwritten and signed "Affidavit of Indigency" wherein he states he has "no funds, real estate, automobiles, property, precious metals or anything of said value." (DE # 2 at 2.) He highlights his "debt," which he claims he is "currently takin[g] care," of as $1,263.94. (*Id*.) He also attaches a partial inmate trust fund ledger highlighting a debt of $1,263.94 on one page (by itself) and transactions from July 22, 2022, to October 27, 2022, showing debt ranging from $1,315.36 to $1,1265.08 on the other. (*Id*. at 3–4.) According to Phelps, he dated the motion on September 7, 2023, but it was not sent to the court until several weeks later with his complaint, which is dated October 3, 2023. (*See* DE # 1 at 16–17.)

The problems with these documents are two-fold. The ledger Phelps provides is more than a year old, and it doesn't represent the last six months of transactions as certified by the motion itself. More importantly, it's clear Phelps is aware those transactions are *not* his most recent and that he is *not* in debt as he claims. Since at least August 13, 2023, Phelps has been communicating with the Clerk regarding an overpayment of fees in one of his other cases. *See Rutledge, et al., v. Lott et al*., no. 3:22-CV-989-DRL-MGG, at DE ## 55, 56, 58, 59. Of relevance, Phelps acknowledges that "$9,000 hit my books" sometime after the dates of the ledgers he submitted in this case. *Id*. at DE # 58 at 2. Those communications also show he provided copies to the clerk of more recent ledgers he received in response to a request he sent the "Big Office" on August 28, 2023, which show transactions from February 1, 2023, to February 8, 2023, and a debt of $0.00. *Id*. at DE # 58-1 at 1–2. On September 12, 2023—prior to Phelps's current complaint dated October 3, 2023—the Clerk also sent him a letter regarding the overpayment of fees and a portion of a ledger showing that the overpayments had been refunded. *Id*. at DE # 59 at 2–3, 5. Those ledgers detail transactions from April 15, 2023, to May 22, 2023, show a debt of $0.00, and are significantly more recent than the ones he submitted in this case. *Id*. at DE # 59 at 5. Accordingly, it

---

[1] In that same vein, "et al." is listed after Phelps's name in the caption of both documents, although it is clear he is not proceeding with any other plaintiffs in this case.

> appears that Phelps has submitted falsified, fraudulent, and/or intentionally deceitful documents in this case to obtain in forma pauperis status.

(DE # 3 at 1–3.)

Creating and submitting impermissibly altered, forged, falsified, or deceitful documents is a fraud upon the court which abuses the judicial process and may be sanctionable. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The United States Supreme Court has stated approvingly, "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 185 n. 8 (1989) (quoting *In re Martin-Trigona*, 737 F. 2d 1254, 1261 (2nd Cir. 1984)). The Seventh Circuit has specifically noted that, "[a] district court has inherent power to sanction a party who has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015) (internal quotation marks and citation omitted); *see also Montano v. City of Chicago*, 535 F.3d 558, 564 (7th Cir. 2008); *Greviskes v. Universities Research Ass'n*, 417 F.3d 752, 758-59 (7th Cir. 2005). Not only can this power be exercised to remedy prejudice to an opposing party, but the court may also impose sanctions to "reprimand the offender and to deter future parties from trampling upon the integrity of the court." *Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 797 (7th Cir. 2009) (internal quotation marks and citation omitted); *see also Secrease*, 800 F.3d at 402 ("[C]ourts generally have an interest in both punishing a party's dishonesty and deterring others who might consider similar misconduct[.]").

A district court has the authority to make a finding of bad faith even "without waiting for a motion from the defendants." *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019) (citing *Johnson v. Cherry*, 422 F.3d 540, 551 (7th Cir. 2005)). An oral hearing is not required as long as the party has "notice of the possible sanction and an opportunity to respond[.]" *Id*. "Sanctions, including dismissal, must be proportionate to the circumstances." *Id*. (citing *Nelson v. Schultz*, 878 F.3d 236, 238–39 (7th Cir. 2017) and *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 499–500 (7th Cir. 2008)).

Here, Phelps does not dispute any of the facts outlined above. Instead, he states he did not intend to defraud the court and that he does not have the "abilities that an attorney may have" and lacks access to a computer. (DE # 4 at 1.) He admits he consistently uses old documents and "just white-out all of the areas that don't pertain to the said motion" to "save myself the headache of having to keep writing out new documents." (*Id*.) He goes into great detail to explain how he spent the $9,000 "around the beginning of February maybe end of January." (*Id*. at 2.) He admits it was "easier" to use an old version of his in forma pauperis motion and "change the parts that didn't pertain" to the current case so that he did not have to "go through all of that again; getting account print-out, getting notary, and so forth." (*Id*.) He insists the "debt I claimed is true. Well I figured it was close enough being I just had to borrow $1,250.00 from a loved one toward an attorney in Plaintiff's criminal case." (*Id*.) He later insists again that he "really owes $1,250.00 to [an] attorney and was considering that when addressing the court with motion for forma pauperis" and that it was simply "easier" to

use the old ledger that referenced a debt close that that amount ($1,263.94). (*Id*. at 3.) He also explains how he uses "templates" of previous motions in all of his cases.

If Phelps was simply using templates and changing his own basic information relevant to his current claims, the court would have no difficulty concluding he acted via mistake rather than in bad faith. However, that is *not* all that Phelps did in this case—here, he not only changed his own information, but he also forged the "Official Certificate of Prisoner Account" data, making it appear as if the "Authorized Officer" signed it on a later date than she actually did. (*See* DE # 2 at 1.) Clearly this date is relevant to the certification, as it is supposed to reflect the "last six months" of the prisoner's ledger. (*Id*.) Contrary to the date on the altered/forged Certificate, it is undisputed that the ledger Phelps submitted was not up to date.

Similarly, Phelps's "Affidavit of Indigency" contains blatantly false representations. Phelps states he is in debt in the amount of $1,263.94, and he both handwrites and physically highlights this amount in his affidavit and on the ledger. (*Id.* at 2–3.) Phelps's excuse that he did so because the amount was "close enough" to the debt he owes to a relative for attorney fees is not persuasive or credible, especially considering an outside debt of that kind would not be included on an inmate ledger or be used in calculating an initial partial filing fee. Moreover, Phelps did not explain this to the court when he filed his original motion, and "[a] newly advanced position, crafted only to exonerate litigation misconduct, need not be believed." *Ayoubi v. Dart*, 640 Fed. Appx. 524, 528 (7th Cir. 2016) (internal quotation marks and citation omitted).

The bottom line is that Phelps knew the ledger and the debt it displayed was not up-to-date or accurate, but he submitted it to the court anyway.[2]

Accordingly, the court has no difficulty in concluding that Phelps willfully and intentionally falsified and/or altered documents and made false and/or deceptive representations regarding his inmate ledger when he submitted his in forma pauperis motion. The multiple steps he took—*i.e.*, altering the dates on the motion and Official Certificate of Prisoner Trust Account, signing an Affidavit with a specific debt amount he knew was no longer accurate, submitting a ledger he claimed to be current but was in fact outdated to purportedly support that debt amount when more recent ledgers were available to him—all support a finding of bad faith by a preponderance of the evidence. This conduct is unquestionably sanctionable. *Secrease*, 800 F.3d at 401 ("Dismissal can be appropriate when the plaintiff has abused the judicial process by seeking relief based on information that the plaintiff knows is false.").

When allegations regarding in forma pauperis status are determined to be false, the suit must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A). *See Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) ("[T]he suit had to be

---

[2] As pointed out in the show cause order (DE # 3 at 2–3) and as block quoted above, Phelps was aware the "debt" he highlighted on his ledger was inaccurate because he had been communicating with prison officials and the Clerk's office regarding significantly more current ledgers showing a debt of $0.00.

6

dismissed; the judge had no choice[.]").[3] The "only question" is whether dismissal with prejudice versus dismissal without prejudice is appropriate. *Id*. A court must generally consider lesser sanctions before dismissing a case with prejudice, and sanctions "must be proportionate to the circumstances." *Donelson*, 931 F.3d at 569; *see also Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014). Here, dismissal without prejudice would not be proportionate to the extensive, multi-step willful and deceitful conduct described above. The Seventh Circuit has held that "dismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary." *Ayoubi v. Dart*, 640 Fed. Appx. 524, 528–29 (7th Cir. 2016) (citing *Mathis v. N.Y. Life Ins. Co.,* 133 F.3d 546, 547 (7th Cir. 1998) and *Jackson v. Murphy,* 468 Fed. Appx. 616, 620 (7th Cir. 2012)); *see also Secrease*, 800 F.3d at 402 (finding dismissal with prejudice was reasonable because "falsifying evidence to secure a court victory undermines the most basic foundations of our judicial system" and because "courts generally have an interest in both punishing a party's dishonesty and deterring others who might consider similar misconduct"); *Kennedy v. Huibregtse*, 831 F.3d 441, 444 (7th Cir. 2016) (affirming dismissal with prejudice for failing to disclose accurate trust account information, and noting "anything less than dismissal with

---

[3] Even if not mandated by statute, the court finds dismissal would be the appropriate sanction here. Neither requiring Phelps to pay the filing fee before proceeding nor issuing another type of financial sanction would be appropriate because he claims to be indigent. *Rivera v. Drake*, 767 F.3d 685, 687 (7th Cir. 2014); *see also Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) ("Monetary sanctions are generally not as effective against a pro se plaintiff proceeding as a pauper . . ..").

prejudice would be inappropriate in this case").[4] For these reasons—and because it will send a "strong message to all litigants, particularly to those within the prison population, that dishonesty to the court will not be tolerated"—dismissal with prejudice is warranted. *Id.* at 444.

Accordingly, the court:

(1) **DENIES** the motion to proceed in forma pauperis (DE # 2);

(2) **DISMISSES** this case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A), and as a sanction for providing deceitful, false, fraudulent, and/or altered information in connection with the aforementioned motion;

(3) **ORDERS** the plaintiff, **Cody W. Phelps, IDOC # 141003**, to pay (and the facility having custody to automatically remit) to the Clerk 20% of the money received for each calendar month during which $10 or more is received, until the $405 filing fee is paid in full;

(4) **DIRECTS** the Clerk to create a ledger for receipt of these funds; and

---

[4] In approving of the district court's analysis with regard to alternative sanctions, the Seventh Circuit quoted the judge as follows, "Even supposing it is possible for this Court to only fine Plaintiff, fines would not be a fitting remedy because Plaintiff appears to now be impoverished, having long since spent all the money in his law firm trust account. A verbal or written warning would fail to do justice given Plaintiff's persistent disregard for the truth in this case. Dismissal without prejudice would seem little punishment at all as Plaintiff could then simply refile with a new, meritorious, *in forma pauperis* petition. If Plaintiff's time for filing has passed, dismissing without prejudice would be equivalent to dismissing with prejudice." *Kennedy*, 831 F.3d at 444. The same logic applies here.

8

(5) **DIRECTS** the Clerk to send a copy of this order to each facility where the plaintiff is housed until the filing fee has been paid in full.

**SO ORDERED.**

Date: February 12, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT